UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ERIC E. A.,[1] | Case No. CV 24-07390 DMG (ADS) |
| --- | --- |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS |
| CAROLYN COLVIN, Acting Commissioner of Social Security,[2] | |

## I. **INTRODUCTION**

Plaintiff Eric E. A. ("Plaintiff"), represented by counsel, filed this civil lawsuit seeking review of a decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits. Plaintiff filed his

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Carolyn Colvin became Acting Commissioner of Social Security on November 30, 2024. Under Federal Rule of Civil Procedure 25(d), she is automatically substituted for Martin J. O'Malley as Defendant in this suit.

Complaint on August 29, 2024. Since that date, Plaintiff has been given several opportunities to move forward with his lawsuit and has continuously failed to do so. As such, this case is dismissed in its entirety for failure to prosecute and comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

## II. **PROCEDURAL HISTORY**

Plaintiff filed his Complaint on August 29, 2024. [Doc. # 1.] After granting Plaintiff's request to proceed *in forma pauperis*, the Court issued the Standing Order for this case on September 5, 2024. [Doc. # 7.] Under the Standing Order, Plaintiff's opening brief in support of his Complaint was due within thirty days from service of the Answer and Certified Administrative Record ("CAR"), as required by the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g). *Id.* at 4. On November 4, 2024, Defendant filed the Answer and CAR, which made Plaintiff's brief due December 4, 2024. [Doc. # 9.] Plaintiff failed to file his brief.

On December 6, 2024, the Court issued an Order to Show Cause as to why this case should not be dismissed for failure to prosecute. [Doc. # 10.] Plaintiff was ordered to respond by no later than December 13, 2024. The Court advised Plaintiff that his failure to timely file a response to the Order to Show Cause would result in a recommendation that this action be

dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). As of the date of this Order, Plaintiff has failed to file his brief or any response to the Court's Order to Show Cause and the deadline has long passed.

### III. **FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

The Court expressly cautioned Plaintiff that failure to respond would result in a recommendation that the action be dismissed under Federal Rule of Civil Procedure 41(b). Plaintiff's failure to comply with the Standing Order and his failure to respond to the Order to Show Cause reflect a lack of prosecution of the case. *See Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). His failure to respond also demonstrates a failure to comply with Court orders.

In *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 1440.

Upon consideration of the five *Carey* factors, the Court finds that Plaintiff's failure to prosecute his case and failure to comply with the Court's orders warrant dismissal. The first two *Carey* factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. Plaintiff has not taken any action in this case since August 29, 2024, and has ignored two Court orders. The Court cannot hold this case in abeyance indefinitely awaiting Plaintiff's response to the Court's directive. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.

Furthermore, Plaintiff has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed. Plaintiff has been afforded the opportunity to do so yet has not responded. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: September 29, 2025

_____
DOLLY M. GEE
Chief United States District Judge